IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOHN MCGILBERRY**                                                               **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:10CV159KS-MTP**

**AMERICAN OPTICAL CORPORATION, ET AL.**                 **DEFENDANTS**

## ORDER OF REMAND

This matter is before the court on the Emergency Motion to Remand **[#1]**, Emergency Motion to Expedite Hearing **[#2]**, and Supplemental Motion to Remand **[#3]** filed on behalf of the plaintiff along with ancillary motions filed by both parties. The court ordered expedited briefing in view of the upcoming state court trial date, and having reviewed the motions, the briefs and supplemental briefs, and being fully advised in the premises, finds that the motion to remand is well taken and should be granted. The court specifically finds as follows;

This case was originally filed in 2002 as *George Buffngton, et al. v. Pulmosan Safety Equipment, et al.*, Circuit Court of Jones County, Civil Action No. 2002-194-CV6. That case was dismissed without prejudice in May of 2006. McGilberry's case was re-filed in May of 2007 with new counsel against American Optical and thirty-one other defendants, many of whom were named in the first case. That case was set for trial by agreement of the parties on August 2, 2010 in state court. The plaintiff alleges that his

lung disease was caused by occupational exposure to silica at different work sites throughout his approximate 30-plus year work career.

With respect to each of the 32 defendants, the plaintiff made specific allegations as to the type products at issue (e.g., silica sand, abrasive blasting equipment or respiratory equipment); the place of employment where each defendant's products were used; and the years of exposure to each defendant's products.  In addition, the plaintiff relied upon some limited discovery taken of McGilberry in the prior multi-plaintiff silica case (which was dismissed in May of 2006), thereby adding further detail to his position on product identification and usage.

American Optical alleged in the Removal Petition that from the time this case was filed in 2007 (in fact from the time his original silica case was filed in 2002) until very recently, the plaintiff has perpetuated the factual allegations in the Complaint that he was exposed to multiple products manufactured and distributed by multiple defendants.  The plaintiff noticed his own deposition for May 26, 2010 to preserve his trial testimony as he claims to be in failing health.  At that deposition, American Optical contends that for the first time the plaintiff acknowledged that he was not pursuing claims against the majority of the in-state defendants, and in fact, subsequently dismissed all but one, E.B. Bullard.  American Optical and Clark Sand were the only two remaining diverse defendants.  Thereafter, the plaintiff settled with Clark Sand.  Thus, on June 25, 2010, American Optical removed the state court case on the basis of diversity, 28 U.S.C. § 1441, alleging that the plaintiff had voluntarily abandoned his claims against E.B. Bullard, the only non-diverse defendant remaining in the case.

The plaintiff asserts that the defendant failed to timely remove this action from

state court (outside the one year limit and not within 30 days of an "other paper") and that the American Optical did not join all defendants.  The court concludes that the defendant failed to timely remove the case within one year of its original filing and that no grounds have been presented to justify an equitable exception to the limitation.  It is, therefore, unnecessary for the court to address the remaining concerning the improper removal alleged by the plaintiff.

      As to the timeliness issue, 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant whichever period is shorter.

> If the case stated by the initial pleading is not removal, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than one year after commencement of the action.

When Congress amended Section 1446, "the congressional report states that the one-year limit on removal based on diversity jurisdiction established 'a means of reducing the opportunity for removal after substantial progress has been made in state court.'"  *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998); citing H.R. Rep. No. 100-889 (1988), *reprinted* in 1988 U.S.C.C.A.N. 5982, 6031-6034; *see also* 134 Cong. Rec. 31064 (1988).  "Congressional concern is expressed that 'settlement with diversity-destroying defendant on the eve of trial, for example, may permit removal by the other defendants, causing substantial delay and disruption.'"

*Deshotel*, 142 F.3d at 887; quoting 1988 U.S.C.C.A.N. 5982,6031-6034.

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

American Optical, admitting that it removed beyond the one year limitation of the statute, based its removal on the plaintiff's alleged fraudulent forum manipulation under the equitable exception to the one year bar to removal contained in 28 U.S.C. § 1446(b).  *See Tedford v. Warner-Lambert Company*, 327 F.3d 423 (5th Cir. 2003).  The plaintiff responded with the present Emergency Motion to Remand.

*Tedford* is easily distinguishable from the present case.  In *Tedford*, the Fifth Circuit held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446 (b) be extended."  327 F.3d at 428-29.  The plaintiff in *Tedford* could not state a valid claim

4

against the sole non-diverse defendant, and therefore, only hours after learning of the defendant's intent to remove, amended her complaint to add her own physician. *Id.* at 427. She then signed a Notice of Nonsuit of her physician and post-dated the Notice prior to the expiration of the one-year period. *Id.* The Notice of Nonsuit was not filed and Warner-Lambert was not notified of the Notice until after the expiration of the one-year period from the initial filing of the complaint. *Id.* at 427-28. In addition the defendants in *Tedford* were actively trying to remove the case from the beginning. *Id.* at 428.

      To the contrary, this case has been pending in state court for more than three years. The parties have participated in limited discovery and have relied on the discovery from the 2002 state case. The parties agreed to the trial date in state court and have prepared with that date in mind.

      American Optical also cites *Case v. Philips 66 Company*, 2008 U.S. Dist. LEXIS 96727, *8-*9 (S.D. Miss. 2008) in support of its removal. In *Case*, Judge Walter Gex found no forum manipulation by the plaintiffs when he concluded there was "no evidence that Plaintiffs joined the resident defendants without intending to prosecute claims against those defendants, or solely for the purpose of defeating federal jurisdiction." *Id.*; citing *Davis v. Merck & Co.*, 357 F.Supp.2d 974 (E.D. Tex. 2005). The plaintiff asserts that in the present case he prosecuted his claims against the resident defendants up and until his service of supplemental discovery responses on May 14, 2010. He contends that these discovery responses were served because of American Optical's request for the plaintiff to identify which products would be testified to by him at trial.

5

The prosecution of the non-diverse defendants does not appear to have been significant. But then, neither does the prosecution of the diverse defendant remaining, American Optical, appear to have been significant. Indeed, it is apparent to this court that none of the parties engaged in very active prosecution or defense of this case for quite some time. It seems as if the parties were relying almost wholly on the prior discovery in the 2002 case. Thus, the prosecution of all of the defendants, while somewhat lax, does not appear to have been a sham to simply manipulate the forum by the plaintiff.

The court has reviewed the allegations made by the defendant carefully. Those allegations fall far short of the sort of fraudulent manipulation found in *Tedford* where the plaintiffs had attempted from the start to manipulate the forum based on misrepresentation and lack of candor as to her true intent to pursue the in-state defendant. This egregious manipulation does not appear here. It appears that the plaintiff has made a strategic decision not to actively pursue the other in-state defendants, at this time, which does not amount to manipulation of the forum which would entitle American Optical to this tardy removal. Based on the foregoing, the court finds that American Optical has failed to show fraudulent manipulation of the forum to entitle it to qualify for the equitable exception barring removal under *Tedford*.

IT IS THEREFORE ORDERED AND ADJUDGED that plaintiff's Emergency Motion to Remand **[#1]**, Emergency Motion to Expedite Hearing **[#2]**, and Supplemental Motion to Remand **[#3]** are Granted and this matter is remanded to the Circuit Court of the First Judicial District of Jones County and the Clerk of this court is directed to

immediately return the entire file of this matter to that court.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's Motion to Withdraw Motion to Strike Surrrebuttal **[#28]** is Granted and the Motion to Strike **[#25]** is withdrawn and dismissed as moot;

The defendant's Motion for Leave to File Surrebuttal **[#26]** is Granted and the Surrebuttal has been considered by the court; and

That any other pending motions are dismissed as moot.

SO ORDERED AND ADJUDGED, this the 20th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE